IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | CHAPTER 11 |
| ) | |
| ) | Case No. 09-11475 (BLS) |
| PITT PENN HOLDING CO., INC., et al.[1], ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Hearing Date (Interim): January 28, 2010 @ 12:30 pm |
| ) | Objection Deadline: at hearing |

## MOTION OF DEBTORS FOR PRELIMINARY AND THEREAFTER FINAL APPROVAL OF A FINANCING AGREEMENT WITH OMTAMMOT II, LP FOR POST-PETITION FINANCING

The above-captioned debtors and debtors-in-possession ("Debtors") move this Court for the entry of an Order authorizing Debtors to obtain post-petition financing, and in support thereof, state as follows:

## BACKGROUND

1. On April 30, 2009 through May 6, 2009 ("Filing Dates"), Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code") with this Court. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors remain in possession of their properties and are operating as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No statutory committee has been appointed to date by the Office of the United States Trustee in these cases.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a) and 363 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

---

[1] The debtors are: Pitt Penn Holding Co. (Case No. 09-11475), Pitt Penn Oil Co. LLC (Case No. 09-11476), Industrial Enterprises of America, Inc. (Case No. 09-11508), EMC Packaging, Inc. (Case No. 09-11524), Today's Way Manufacturing LLC (Case No. 09-11586), and Unifide Industries LLC (Case No. 09-11587), all of which have been jointly administered.

4. Debtors and Sovereign Bank were parties to a certain prepetition Loan and Security Agreement (the "Pre-Petition Loan Agreement"). By virtue of the Pre-Petition Loan Agreement, Sovereign asserted a security interest in substantially all of the Debtors' assets.

5. Subsequently, Sovereign Bank assigned the Pre-petition Loan Agreement to Omtammot, LLC ("Lender").

6. Debtors are also party to a certain post-bankruptcy loan agreement dated as of May 26, 2009 (the "Post-petition Loan Agreement") with Lender.

7. In conjunction with the Debtors' motions for use of cash collateral and to approve debtor-in-possession financing, this Court has entered the following Orders:

   a. Order (INTERIM) Granting the Motion of Debtors and Debtor's-in-Possession for Emergency Interim and Permanent Use of Cash Collateral dated June 4, 2009 (DI 75) (the "Interim Cash Collateral Order").

   b. Order (Interim) Granting The Motion Of Debtors For Preliminary And Thereafter Final Approval Of A Financing Agreement With Omtammot, LLC For Post-Petition Financing dated June 4, 2009 (DI 76) (the "Interim DIP Order").

   c. Order Granting Motion of Debtors and Debtors-in-Possession for Emergency Interim and Permanent Use of Cash Collateral Pursuant to 11 U.S.C. Section 363 and Fed. R. Bankr. P. 4001 on a Final Basis dated August 11, 2009 (DI 166) (the "Final Cash Collateral Order").

   d. Order (Final) Granting Motion Of Debtors For Preliminary And Thereafter Final Approval Of A Financing Agreement With Omtammot LLC For Post-Petition Financing (DI 192) (the "Final DIP Order").

   e. Order Granting The Motion Of Debtors And Debtors-In-Possession For Continued Use Of Cash Collateral And DIP Financing Pursuant To 11 U.S.C. §§ 363 And 364 And Fed. R. Bankr. P. 4001 (DI 219) (the "Amended DIP Order").

   f. Order Granting The Motion Of Debtors And Debtors-In-Possession To Amend Orders Approving Dip Financing And Authorizing Use Of Cash Collateral (DI 220) ("DIP Amendment Order").

8. Lender is a general partner of Omtammot II, LP ("Omtammot"). Omtammot has agreed to lend to the Debtors not less than $500,000, nor more than $1,500,000, under the terms and conditions of a financing agreement (the "Financing Agreement"). A true and correct copy of the Financing Agreement is attached hereto and included herein by reference as exhibit "A". By this Motion, Debtors seek authority to enter into and Court approval of the Financing Agreement.

## RELIEF REQUESTED AND REASONS THEREFOR

9. Debtors may obtain post-petition financing pursuant to section 364(c) of the Bankruptcy Code if they are unable to obtain unsecured credit allowable as an administrative expense pursuant to section 503(b)(2) of the Bankruptcy Code. Bankruptcy Rule 4001(c)(2) provides it this Court may conduct a hearing to preliminarily grant a motion to approve post-petition financing sooner than 14 days after service of such motion. The Court, however, may only grant preliminary relief to the extent necessary to avoid immediate and irreparable harm to the estate.

10. In the instant proceeding, the Debtors are unable to obtain unsecured credit allowable as an administrative expense to continue their businesses and to otherwise meet their post-petition obligations. Therefore, Debtors are seeking an order, pursuant to section 364(c)(1) of the Bankruptcy Code, permitting them to obtain, on a preliminary basis, post-petition financing from Omtammot pursuant to the Financing Agreement on a super-priority basis. The super-priority claims of Omtammot shall be *pari passu* with the super-priority claims held by Lender.

11. In order to avoid irreparable harm to Debtors' estates, Debtors require the use of DIP financing to pay, among other things, legal fees and other administrative expenses, payroll, utilities, taxes, insurance and other business costs and expenses.

12. Debtors seek to use up to $150,000 of DIP financing during the interim period, which includes payments of ongoing expenses in accordance with a proposed budget (the "Budget[2]") attached to the annexed proposed order as Exhibit "1"; and payment of certain outstanding administrative and professional claims. In respect of the Budget, Debtors seek permission to exceed items budgeted for any category by 10%. In addition, Debtors request permission to deviate from any other Budget line items by any amount provided that Debtors do not exceed the total amount budgeted for expenditures, taking into account the above-referenced budgetary 10% cushion. Funds budgeted but not expended by Debtors may be carried forward and expended during future periods and the designation of a budgeted line item shall in no way obligate Debtors to pay such item, as the payment of any item shall be in Debtors' sole discretion.

13. The benefit to Debtors' estates and their creditors from the relief sought herein is self evident. Authorization to use the estates' cash income will benefit the Onmtammot, Lender, other secured creditors, unsecured creditors and Debtors alike.

14. LBR 4002-1 requires that certain provisions in a DIP financing agreement be highlighted.

15. **The Financing Agreement, in paragraph 9, provides that the claims of the lender shall be senior to any 506(c) claims.**

---

[2] A significant portion of projected expenses is for legal fees related to the pursuit of large and complex securities actions. See litigation summary, Exhibit "B" hereto.

WHEREFORE, Debtors pray this Honorable Court enters a preliminary order approving the Financing Agreement and the Motion which shall be effective through the date upon which this Honorable Court conducts a final hearing on the Motion for Preliminary and Final Approval of Post-Petition Financing.

DATED: January 25, 2010

_____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
Email: loizides@loizides.com

- and -

Pace Reich
Benjamin Reich
PACE REICH, PC
726 Meetinghouse Road
Elkins Park, PA 19027
Telephone: (215) 790-0100
Facsimile: (215) 790-7360
Email: pacereichpc@msn.com

*Counsel for Debtors*