IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| PITT PENN HOLDING CO., *et al.*,[1] | : Case No. 09-11475 (BLS) |
| Debtors. | : Jointly Administered |
| | : Related to Docket Nos. 2110 and 2168 |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT FOR INDUSTRIAL ENTERPRISES OF AMERICA, INC., (II) DETERMINING DATES, PROCEDURES, AND FORMS APPLICABLE TO THE SOLICITATION PROCESS, (III) ESTABLISHING VOTING TABULATION PROCEDURES, AND (IV) ESTABLISHING AN OBJECTION DEADLINE AND SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE PLAN OF LIQUIDATION FOR INDUSTRIAL ENTERPRISES OF AMERICA, INC.**

Upon consideration of the motion (the "Motion")[2] of the Norman L. Pernick (the "Trustee"), the chapter 11 trustee appointed for the above-captioned debtors for the entry of an order, under 11 U.S.C. §§ 105(a), 1125(b) and 1126(b) and Fed. R. Bankr. P. 2002, 3017, 3018 and 3020, (i) approving the *Chapter 11 Trustee's Disclosure Statement for Industrial Enterprises of America, Inc.* (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"), (ii) approving the dates, procedures, and forms applicable to the solicitation, noticing, and implementation process in connection with the proposed *Chapter 11 Trustee's Plan of Liquidation for Industrial Enterprises of America, Inc.* (including all exhibits thereto and as amended, modified or supplemented from time to time, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Pitt Penn Holding Company, Inc. (3681), Pitt Penn Oil Company, LLC (8893), Industrial Enterprises of America, Inc. (3499), EMC Packaging, Inc. (3619), Today's Way Manufacturing LLC (0259), and Unifide Industries LLC (8701).

[2] Capitalized terms used and not defined in this Order shall have the same meaning ascribed to such terms in the Motion or the Plan, as applicable.

51933/0002-10258399v9


"Plan"), (iii) approving certain voting tabulation procedures, and (iv) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and it appearing that adequate and sufficient notice of the Motion and the hearing on the Disclosure Statement having been provided and no other or further notice need be provided, and all objections to the Motion and the Disclosure Statement having been resolved, overruled by the Court, withdrawn or rendered moot; and following due deliberation, and just cause existing for the relief requested in the Motion:

**THE COURT HEREBY FINDS:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1234.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The Disclosure Statement contains adequate information within the meaning of 11 U.S.C. § 1125.

D. Notice of the hearing on the Disclosure Statement and the Motion was sufficient.

E. The relief requested in the Motion is in the best interest of the Debtor, its estate and other parties in interest, and sufficient cause appearing thereof,

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is hereby APPROVED in all respects pursuant to 11 U.S.C. § 1125 and Fed. R. Bankr. P. 3017(b).

3. The date by which the ballots cast to accept or reject the Plan must be received by the Balloting Agent is **April 23, 2014 at 5:00 p.m. (Mountain Time)** (the "Voting Deadline"). The Trustee may extend the Voting Deadline in favor of any voter, any class of

voters, or all of the voters by filing a notice of the extension(s) with the Court and by serving a copy of such notice upon the Balloting Agent. Ballots not received by the Voting Deadline, or by any extended voting deadline as provided for in this Order, shall not be counted.

4. The ballots substantially in the form attached hereto as **Exhibits A-1 through Exhibit A-4** for holders of Class B, Class C and Class D Claims and Class E Equity Interests are approved; subject to the right of the Trustee to make additional correcting, conforming and formatting changes to such form of ballot.

5. **March 19, 2014** is established as the record date (the "Record Date") for the purposes of determining claimholders entitled to receive the Solicitation Package and to vote on the Plan.

6. As soon as practicable, but in no event later than five (5) business days after the entry of this Order (the "Solicitation Commencement Date"), the Trustee, through the Balloting Agent, shall commence the solicitation and noticing process by placing the solicitation materials and notices approved in this Order in the mail, first-class postage prepaid.

7. The solicitation materials to be transmitted on or before the Solicitation Commencement Date to those holders as of the Record Date of claims and interests in the Voting Classes who are entitled to vote on the Plan, as described in paragraph 8 below, as well as holders of the IEAM Equity Interests, shall include the following: (a) notice of the Confirmation Hearing and objection deadline to confirmation of the Plan; (b) the Disclosure Statement; (c) the Plan (as Appendix A to the Disclosure Statement); (d) an appropriate ballot; and (e) a pre-addressed return envelope (collectively, the "Solicitation Package").

8. The following holders of claims shall be permitted to vote on the Plan and thus to receive the Solicitation Package:

51933/0002-10258399v9

> Holders of claims who have filed timely proofs of claim (or untimely proofs of claim that have been allowed as timely by the Court), in the amounts asserted in such proofs of claim, provided that such proofs of claim (i) have not been disallowed by an order of the Court, (ii) are not the subject of a pending objection to the entirety of the claim (with voting permitted only with respect to the amount thereof that is not subject to objection), or (iii) have not been reduced by order of the Court or are not subject to an objection pending before the Court for reduction (with voting permitted only in the reduced or proposed reduced amount and/or classification); or

> Holders of claims who have not filed timely proofs of claim but whose claims are scheduled in the Debtor's Schedules, or any amendments thereto, but are not designated therein as contingent, unliquidated or disputed or listed therein as zero or unknown in amount, in the amounts set forth in the Schedules, or any amendments thereto.

Provided, however, that voting creditors who have filed duplicate claims shall be entitled to receive only one Solicitation Package and one ballot for voting their claims with respect to that class.

9. Nothing in this Order affects the Trustee's right (or any other party's right, if applicable) to object to any proof of claim. The deadline for filing and serving objections to claims solely for the purposes of voting on the Plan shall be **April 3, 2014 at 5:00 p.m. (Eastern Time)** (the "Claims Objection Deadline"). Such Claims Objection Deadline shall not apply to claim objections which may be asserted for purposes other than voting on the Plan.

10. The Balloting Agent shall mail the Solicitation Packages for holders of IEAM Equity Interests in accordance with the procedures outlined above to each broker, commercial bank, transfer agent, trust company, dealer or other intermediary or nominee, or their mailing agent (each a "Nominee") identified by the Debtor's Balloting Agent as an entity through which beneficial holders indirectly hold IEAM Equity Interests. The Balloting Agent is

4

authorized to send Solicitation Packages to Nominees in paper format and/or via electronic transmission in accordance with the customary requirements of each Nominee.

11. The Nominees through which beneficial holders hold IEAM Equity Interests shall promptly distribute Solicitation Packages to such holders, and cooperate with the Balloting Agent to accomplish such distribution, in any case no later than five (5) business days after receipt by the Nominees of the Solicitation Packages. The Claims Agent will provide the Nominees with sufficient quantities of Solicitation Packages to permit service of such documents on their respective beneficial holders.

12. Nominees shall obtain the votes of beneficial holders of IEAM Equity Interests, as applicable, by forwarding the Solicitation Package to each beneficial holder of Equity Interests for whom it acts as a Nominee for voting so that the beneficial holder may return its vote directly to its Nominee. Each Nominee will distribute the Solicitation Packages, as appropriate, in accordance with their customary practices and obtain votes to accept or to reject the Plan also in accordance with their customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the beneficial holders for the purpose of recording the beneficial holder's vote, the Nominee is authorized to send the voting information form in lieu of a beneficial holder Ballot.

13. Nominees shall summarize the individual votes of their respective beneficial holders from their beneficial holder Ballots on a Master Ballot and then return the Master Ballot to the Balloting Agent.

14. The Balloting Agent shall mail, first-class postage prepaid, on or before the Solicitation Commencement Date, to holders of Disputed Claims, a Notice of Disputed Claim Status (the "<u>Notice of Disputed Claim Status</u>") in substantially the form attached hereto as

51933/0002-10258399v9

**Exhibit B** and a copy of the Disclosure Statement and Plan. Such notice satisfies the requirements of Fed. R. Bankr. P. 3017(d).

15. The Balloting Agent shall mail, first-class postage prepaid, on or before the Solicitation Commencement Date, to holders of Administrative Expense Claims, Priority Tax Claims, and Non-Tax Priority Claims a notice (the "Notice of Non-Voting Status") in substantially the form attached hereto as **Exhibit C** and a copy of the Disclosure Statement and Plan. The Notice of Non-Voting Status satisfies the requirements of Fed. R. Bankr. P. 3017(d).

16. No Solicitation Packages or other notices approved in this Order shall be transmitted to (a) holders of claims listed on the Schedules, or any amendments thereto, that have already been paid in full during this case or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by this Court; (b) except as otherwise provided in this Order, holders of claims listed on the Schedules, or any amendments thereto, as contingent, unliquidated or disputed or as zero or unknown in amount, if such holders did not file proofs of claim; (c) any person to whom the Debtor mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Trustee or Debtor has been informed in writing by such person of that person's new address; or (d) any holder of a claim that was disallowed in full by order of this Court.

17. On or as soon as practicable after the Solicitation Commencement Date, the Trustee or the Balloting Agent shall mail to the U.S. Trustee in this case, for informational purposes, a Solicitation Package and a copy of all forms of ballots and notices approved by this Court.

18. Unless otherwise directed by the Court, the Balloting Agent shall follow the guidelines set forth below in tabulating the votes to accept or reject the Plan:

(a) Subject to paragraph (b) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

(b) The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Trustee has granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) except as otherwise provided in this Order, any ballot cast for a claim designated as disputed or as zero or unknown in amount and for which no Rule 3018 Motion has been filed by the Rule 3018 Motion Deadline; or (v) any unsigned ballot or ballot that has a non-original signature; (vi) any ballot timely received that is cast in a manner that indicates neither an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan; or (vii) any unsigned ballot.

(c) Notwithstanding Fed. R. Bankr. P. 3018(a), whenever two or more ballots are cast voting the same claim prior to the Voting Deadline, the last dated ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, without prejudice to the Trustee's right (or the right of any other party, if applicable) to object to the validity of the last dated ballot on any basis permitted by law, including under Fed. R. Bankr. P. 3018(a), and, if the objection is sustained, to count the first dated ballot for all purposes.

(d) Claim splitting shall not be permitted. Creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan.

(e) Any party who has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Balloting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, must (i) contain the description of the claim to which it relates and the aggregate principal amount represented by such

7

claim, (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn and (iv) be received by the Balloting Agent prior to the Voting Deadline.

(f) Ballots sent via facsimile or electronic mail transmission shall not be accepted by the Balloting Agent.

19. The Balloting Agent shall file a ballot report by April 28, 2014. Such report shall include a summary of any ballots that were not counted for the reasons set forth in Paragraph No. 18 of this Order.

20. The Balloting Agent is authorized to accept votes via hard copy or electronic, online transmission at the website specifically created for the Debtor's chapter 11 case by UpShot, the Balloting Agent: www.upshotservices.com/pittpennvoting. Parties entitled to vote shall be authorized to complete an electronic ballot and electronically sign and submit the ballot by utilizing UpShot SmartSign.

21. To the extent a class has no members, such class shall not be counted for voting purposes.

22. The Balloting Agent shall maintain the confidentiality of social security numbers provided on return ballots and shall redact the social security number before making a copy of any ballot available to a third party.

23. The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan shall be **April 10, 2014 at 4:00 p.m. (Eastern Time)** (the "3018(a) Motion Deadline").

24. The Confirmation Hearing shall be held on **April 30, 2014 at 11:30 a.m. (Eastern Time)**, before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, United States Bankruptcy Court of the District of Delaware, 824 Market Street, 6th Floor,

Wilmington, DE 19801, provided, however, that the Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by announcement of such an adjournment in open court.

25. Objections (including any accompanying briefs), if any, to confirmation of the Plan or proposed modifications to the Plan must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection to confirmation of the Plan or proposed modification to the Plan; and (iv) be filed, together with proof of service, so as to be **received no later than 4:00 p.m. (Eastern Time) on April 23, 2014,** by the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801.

26. Any objections to confirmation of the Plan not timely filed and served in the manner set forth above may not be considered and may be overruled.

27. The notice of the Confirmation Hearing date and objection deadline, substantially in the form attached hereto **Exhibit D**, (the "Confirmation Hearing Notice") is approved. The Confirmation Hearing Notice shall be included in the Solicitation Packages mailed to holders of claims or interests in Class B (Omtammot Secured Claim), Class C (General Unsecured Claims), Class D (Subordinated Claims), and Class E (IEAM Equity Interests), and to each person on the 2002 Service List, and shall be posted at http://www.upshotservices.com/pittpenn.

28. The Trustee is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further Order of the Court, including without limitation, changes to correct typographical and grammatical errors and to

51933/0002-10258399v9

make conforming changes among the Disclosure Statement, the Plan and any other related materials prior to mailing to parties in interest.

29. The Plan Supplement shall be filed by April 13, 2014.

30. The Court shall retain jurisdiction to implement, interpret, and effectuate the provisions of this Order.

Dated: March 28, 2014

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE