## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PITT PENN HOLDING CO., *et al.*,[1] | : | Case No. 09-11475 (BLS) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Hearing Date:  April 30, 2014 at 11:30 a.m. (ET)** |
|  | : | **Objection Deadline:  April 23, 2014 at 4:00p.m. (ET)** |

## MOTION OF THE CHAPTER 11 TRUSTEE
## TO ESTIMATE ADMINISTRATIVE EXPENSE CLAIM OF MICHAEL ESPOSITO
## FOR PURPOSES OF PLAN FEASIBILITY

Norman L. Pernick, the Chapter 11 Trustee (the "Trustee") appointed for the debtors (the

"Debtors") in the above-captioned cases, by and through his undersigned counsel, hereby moves

(the "Motion") this Court under sections 105(a) and 502(c) of 11 U.S.C. §§ 101, *et. seq.* (the

"Bankruptcy Code") to estimate the Esposito Claim (as defined below) for purposes of

demonstrating feasibility of the Trustee's Second Amended Plan of Liquidation.  In support of

the Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1.     Between April 30, 2009 and May 6, 2009, each of the Debtors filed

voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Dates").

2.     Early in 2013, prior to the Trustee's appointment, the Debtors and

Omtammot, LLC ("Omtammot") proposed revised versions of competing plans of reorganization.

Those competing plans, litigation resulting from the plans, and other issues among the Debtors

and Omtammot caused the cases to progress at such a pace as to prompt the Court to issue an

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Pitt Penn Holding Company, Inc. (3681), Pitt Penn Oil Company, LLC (8893), Industrial Enterprises of America, Inc. (3499), EMC Packaging, Inc. (3619), Today's Way Manufacturing LLC (0259), and Unifide Industries LLC (8701).

oral show cause order as to why these cases should not be converted to cases under Chapter 7 of the Bankruptcy Code ("Show Cause Order").

3.      On April 25, 2013, the Court held a hearing on the various responses filed by the Debtors, Omtammot, and the Office of the United States Trustee to the Show Cause Order. At this hearing, the Court ordered the appointment of a Chapter 11 Trustee. Subsequently, the Court entered a written order directing the United States Trustee to appoint a Chapter 11 trustee [Docket No. 1719].

4.      On May 2, 2013, the United States Trustee filed a Motion for Appointment of Norman Pernick as Chapter 11 Trustee [Docket No. 1725]. The Court granted the Motion for Appointment on May 3, 2013 [Docket No. 1729].

5.      On March 27, 2014, the Trustee filed his Second Amended Disclosure Statement (the "Disclosure Statement") [Docket No. 2168] together with his Second Amended Plan of Liquidation for Industrial Enterprises of America, Inc. (the "Plan") [Docket No. 2169]. The Court entered an Order approving the Disclosure Statement on March 28, 2014 [Docket No. 2173] and has scheduled a hearing to consider confirmation of the Plan for April 30, 2014 (the "Confirmation Hearing").

6.      As required under section 1129(a)(9)(A) of the Bankruptcy Code, the Plan provides that each holder of an Allowed Administrative Expense Claim shall "receive payment of the amount of such Allowed Administrative Claim in Cash on the Effective Date, or as soon as reasonably practicable thereafter, in full satisfaction, settlement, release and discharge of, and in exchange for, such Allowed Administrative Claim." *See* Plan, § 3.1 Pursuant to Section 4.2 of the Plan, the Trustee will establish a Reserve to pay Claims that are Disputed (as defined in the Plan).

51933/0002-10499424v5

7.      On March 20, 2014, Michael Esposito ("Mr. Esposito" or "Plaintiff") filed an adversary complaint (Adv. Pro. 14-50091-BLS) against, among others, Debtor Industrial Enterprises of America, Inc. ("IEAM"). On March 28, 2014, the Plaintiff filed an amended complaint (the "Esposito Complaint") [Adv. Docket No. 2.]. The Esposito Complaint alleges that Esposito has suffered damages in excess of $100 million due to the conduct of the defendants. Esposito asserts that damages sought against IEAM in the amount of $100 million are an administrative claim (the "Esposito Claim").

8.      Of the fourteen causes of action in the Esposito Complaint, seven are against IEAM. Those include: (1) civil conspiracy; (2) intentional interference with prospective economic advantage; (3) abuse of process; (4) defamatory injury to reputation; (5) injurious falsehood; (6) intentional infliction of emotional distress; and (7) aiding and abetting the commission of a tort. These and the other causes of action revolve around actions alleged to have been taken by IEAM, its former CEO, its professionals, and other individuals and entities currently or formerly associated with IEAM or its former CEO. Specifically, Mr. Esposito alleges that the defendants participated in a massive scheme, which he likens to the pre-petition stock fraud that lead to the filing of these cases, through which the defendants sought to drain the resources of IEAM solely for their own benefit and to the determent of Mr. Esposito and all other parties in interest.

9.      On April 10, 2014, the Trustee filed Defendant Industrial Enterprises of America's Motion to Dismiss (the "Motion to Dismiss")[Adv. Docket No. 3] and related Defendant Industrial Enterprises of America's Memorandum of Law in Support of its Motion to Dismiss (the "Memorandum" and together with the Motion to Dismiss, the "Dismissal Pleadings") [Adv. Docket No. 4]. The Dismissal Pleadings are attached hereto as Exhibit "A"

51933/0002-10499424v5

and are incorporated herein by reference.  In the Dismissal Pleadings, the Trustee sets forth

several bases upon which the Trustee believes the Court should dismiss each of the claims in the

Esposito Complaint with prejudice.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).

11.    The statutory predicates for the relief requested by this Motion are

sections 105(a), 502(c) and 1129(a)(11) of the Bankruptcy Code.

## RELIEF REQUESTED

12.    By this Motion, the Trustee requests entry of an order estimating the

amount of the Esposito Claim to be $0.00 for purposes of demonstrating the feasibility of the

Plan.  Absent the relief requested herein, the Esposito Claim, which the Trustee believes (and the

Dismissal Pleadings demonstrate) have absolutely no merit, has to the potential to delay

confirmation of the Plan to the detriment of all stakeholders.

## BASIS FOR RELIEF REQUESTED

13.    Section 1129(a)(11) of the Bankruptcy Code requires that, as a condition

precedent to confirmation of the Plan, the Trustee must demonstrate that the Plan is feasible.  11

U.S.C. § 1129(a)(11).  Specifically, the Court must determine that:

> Confirmation of the plan is not likely to be followed by the
> liquidation, or the need for further financial reorganization, of the
> debtor or any successor to the debtor under the plan, unless such
> liquidation or reorganization is proposed in the plan.

11 U.S.C. § 1129(a)(11).

4

51933/0002-10499424v5

14.     The feasibility test set forth in section 1129(a)(11) requires the Court "to determine whether the Plan is workable and has a reasonable likelihood of success." *In re Drexel Burnham Lambert Grp. Inc.*, 138 B.R. 723, 762 (Bankr. S.D.N.Y. 1992); *see also In re Am. Capital Equip., LLC*, 688 F.3d 145, 156 (3d Cir. 2012) ("[T]he plan must be reasonably likely [to] succeed[] on its own terms without a need for further reorganization on the debtor's part." (internal quotation omitted alterations in original)).  However, a debtor need not guarantee success. *Am. Capital Equip.*, 688 F.3d at 156; *Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 649 (2d Cir. 1988) (internal citations omitted).  "[T]he feasibility standard is whether the plan offers a reasonable assurance of success." *Kane*, 843 F.2d at 649. The key element of feasibility is whether there exists a reasonable probability that the provisions of the Plan can be performed. *See Clarkson v. Cook Sales & Serv. Co. (In re Clarkson)*, 767 F.2d 417, 420 (8th Cir. 1985) ("[T]he feasibility test contemplates 'the probability of actual performance of the provisions of the plan. . . . The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts." (internal quotation omitted).

15.     To ensure that IEAM can satisfy the Allowed Claims (as defined in the Plan), including administrative expense claims, the Plan provides for either payment of allowed claims (including administrative claims) or the establishment a Reserve.  Based upon IEAM's books and records, the claims register, and the Trustee's analysis of the various alleged administrative claims asserted against IEAM's estate, the Trustee has determined that there will be sufficient cash on hand available at confirmation to either pay or reserve for all timely filed allowed administrative claims, including accrued and unpaid professional fees.  The Esposito

51933/0002-10499424v5

Claim, however, threatens to delay confirmation because the estate does not have sufficient funds to reserve for the $100 million Mr. Esposito has asserted.

16.     As set forth below, there is no basis for Mr. Esposito to assert an administrative claim in the amount of $100 million against IEAM.  To ensure the Trustee can demonstrate the feasibility of the Plan at the confirmation hearing, however, the Trustee seeks to estimate the Esposito Claim.  Because the Esposito Claim lacks merit for the reasons set forth in the Dismissal Pleadings the Trustee respectfully requests that the Esposito Claim be estimated at zero for purposes of assessing plan feasibility.

17.     Estimation of administrative expense claims for feasibility purposes is authorized under section 502(c) of the Bankruptcy Code.  *See In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 423 (Bankr. S.D.N.Y. 2003) ("Although § 502(c) on its face applies to pre-petition claims, [c]ourts have nonetheless assumed that the estimation process in section 502(c) may be equally employed for estimating post-petition claims, when necessary to avoid delaying the administration of the bankruptcy case (especially when it comes to the confirmation process)." (internal quotation omitted)).

18.     Section 502(c) provides in pertinent part that:

There shall be estimated for purpose of allowance under this section–

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case....

11 U.S.C. § 502(c).  Thus, estimation is appropriate where liquidation of a claim will unduly delay administration of a debtor's case.  *See In re N.Y. Med. Grp., P.C.*, 265 B.R. 408, 415 (Bankr. S.D.N.Y. 2001) ("[A] claim may be estimated for purposes of allowance if it is unliquidated and liquidation would unduly delay the administration of the case.").

6

19.     While section 502(c) does not provide for specific procedures to be used in estimating claims, "Bankruptcy Courts may use whatever method is best suited to the contingencies of the case, so long as the procedure is consistent with the fundamental policy of Chapter 11 that a reorganization 'must be accomplished quickly and efficiently.'" *Adelphia Bus. Solutions, Inc.*, 341 B.R. at 422 (quoting *Bittner v. Borne Chem. Co., Inc.*, 691 F.2d 134, 137 (3d Cir. 1982)).

20.     Estimation requires only "sufficient evidence on which to base a reasonable estimate of the claim." *Bittner*, 691 F.2d at 135; *see also In re Baldwin-United Corp.* 55 B.R. 885, 898 (Bankr. S.D. Ohio 1985) ("[E]stimation does not require that a bankruptcy judge be clairvoyant."). Moreover, estimation is mandatory if the criteria of section 502(c) are satisfied. *See Bunn v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.)*, 137 B.R. 811, 814 (D. Colo. 1992) ("Estimation is not discretionary with the bankruptcy court. Section 502(c) *requires* the court to estimate contingent and unliquidated claims to prevent undue delay in the administration of the case." (emphasis in original)).

21.     The Esposito Claim should be estimated at $0.00 for the reasons set forth in the Dismissal Pleadings, all of which are incorporated herein by reference. As set forth in detail in the Dismissal Pleadings, Mr. Esposito failed to timely file an administrative proof of claim in the Chapter 11 Cases. As a result, the Esposito Claim must be dismissed as untimely. Second, Mr. Esposito lacks standing to assert the claims set forth in his Complaint—*to wit*, malpractice, fraud and breach of fiduciary duty—which constitute property of the Debtors' bankruptcy estates. Finally, to the extent Mr. Esposito has asserted any direct claims against IEAM which are not time-barred or estate assets, those claims are all premised upon the defendants' liability for allegedly defamatory statements made in certain pleadings that were

7

filed in the course of the Chapter 11 cases.  Even if Mr. Esposito's allegations were all true (which they are not), IEAM and the other defendants are absolutely immune from liability with respect to any such statements pursuant to the doctrine of litigation privilege.

22.    Estimation of the Esposito Claim is warranted and necessary under section 502(c) to avoid a delay in confirmation of the Plan.  Accordingly, and for the reasons set forth in the Dismissal Pleadings, the Esposito Claim should be estimated at $0.00.

## NOTICE

23.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) all parties who filed a request for service of notices under Bankruptcy Rule 2002; and (c) Michael Esposito.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order substantially in the form of the order attached to the Motion as **Exhibit B**, granting the relief requested herein and such other and further relief as is just.

8

51933/0002-10499424v5

Dated: April 10, 2014
Wilmington, Delaware

By: 

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

_____
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Tel: (302) 652-3131

and

Warren A. Usatine
25 Main Street
Hackensack, NJ  07601
Tel: (201) 525-6233

*Counsel for the Chapter 11 Trustee*

51933/0002-10499424v5